[L. A. No. 13040. In Bank.—July 22, 1932.]

VICTOR L. BENTSON, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Charles A. Sunderlin for Petitioner.

Philbrick McCoy and Lucian J. Clarke for Respondent.

THE COURT.—In proceedings instituted by a local administrative committee of The State Bar, this petitioner was charged first, in connection with his employment as attorney for the executor of an estate, with failure to obey an order of the superior court directing repayment of moneys found by a referee to be owing by him to the estate, and second, with converting to his own use the sum of $450 paid to him to be applied on the purchase price of certain real property which one Jorgensen proposed to purchase from said estate.

As to the first charge, it appears that the referee found an indebtedness owing by petitioner to the estate in the sum of $2,944.80. The referee's report was confirmed by order of court, from which petitioner appealed. The appeal was later dismissed by stipulation, but petitioner at the hearing before the committee contended that it was incorrect and that he proposed to take further steps to have it modified. Moreover, petitioner filed a surety bond at the time of the controversy, to protect the estate, and the estate suffered no injury. The committee concluded from all of these facts that there was not sufficient evidence to justify a finding adverse to petitioner on this charge.

The second charge is that petitioner, while acting as attorney for the executor, improperly withheld the sum of $450 admittedly paid him by a Mr. Jorgensen and a Mr. Smith as a deposit on the purchase of certain real property belonging to the estate. Petitioner claimed that he paid the money over to the executor; the executor denied it. Jorgensen and Smith, learning that the purchase could not be completed, made repeated demands for their money. and testified that petitioner repeatedly assured them that he would return it. Petitioner denied this. Two documents were produced, written by petitioner's attorney, Mr. Milham, which acknowledged petitioner's obligation and promised to return the $450 within a few days. Petitioner testified that Mr. Milham gave these memoranda without authorization so to do, and without knowledge that the

amount was actually due. The committee was of the opinion that it was strange that any attorney would make and deliver such documents without the express authority of his client, or that he could have learned the facts set forth therein without having previously discussed the matter with his client. The committee also took note of the fact that Mr. Milham continued to act as attorney for petitioner even after petitioner learned of the existence of said instruments. On this second charge, the committee found petitioner guilty of conduct involving moral turpitude, and recommended his disbarment. The Board of Governors, after a further hearing, adopted the findings of the committee and made a like recommendation.

In a case of this character we will, of course, pass upon the weight of the evidence, not being bound by the findings or recommendation. (*Fish* v. *State Bar*, 214 Cal. 215 [4 Pac. (2d) 937].) The record here is voluminous and cannot be fully reviewed here. We have studied it with great care, and while we are unable to agree that petitioner's conduct was wholly ethical and justifiable, we are nevertheless of the opinion that it does not warrant the severe punishment meted out to him. His explanations, while unsatisfactory as a defense to the accusations, show certain mitigating circumstances. We are therefore of the opinion that the proper punishment would be suspension of the petitioner for a period of one year.

It is ordered that the petitioner, Victor L. Bentson, be and he is hereby suspended from the practice of law in this state for a period of one year.